```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

OMNIA MEDICAL, LLC,

    Plaintiff,

v.                                          Case No: 8:22-cv-145-VMC-TGW

PAINTEQ, LLC, SEAN LANEVE
and CHARLES GIRSCH,

    Defendants.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

The Court takes this opportunity to advise the parties of the Court's requirements for motions for summary judgment. The below requirements are also listed on the undersigned's webpage at https://www.flmd.uscourts.gov/judges/virginia-covington.

Absent the Court's permission, a party may not file multiple motions for summary judgment.

Each motion for summary judgment must include a section titled "Statement of Material Facts." The statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a pinpoint citation to the specific part of the record relied upon to support that fact. For example, a reference to "Deposition of Jones" is insufficient; the page

and line number of the deposition transcript must be included. The record includes depositions, electronically stored information, affidavits or declarations, stipulations, admissions, and interrogatory answers. It does not include lawyers' affidavits.

When preparing the statement of material facts, the moving party must reference only the material facts necessary for the Court to determine the issues presented in the motion for summary judgment. Legal argument should not be included in the statement of material facts. Failure to submit a proper statement of material facts constitutes grounds for denial of the motion.

Each response in opposition to a motion for summary judgment must include a section titled "Response to Statement of Material Facts." The opposing party's response must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must set forth a pinpoint citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, the Court will deem

admitted any fact in the statement of material facts that the opposing party does not specifically controvert, provided record evidence supports the moving party's statement. Additional facts the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's response and include a pinpoint citation to the record where the fact is established.

When resolving a motion for summary judgment, the Court has no independent duty to search and consider any part of the record not otherwise referenced and pinpoint cited in the statement of material facts and response thereto. See Fed. R. Civ. P. 56(c)(3)("The court need consider only the cited materials, but it may consider other materials in the record.").

A party relying on a deposition transcript to support a motion for summary judgment must file the transcript in its entirety (condensed version is fine) with exhibits.

Counsel filing a document with exhibits totaling more than 10 pages must create an index to the exhibits, including the exhibit number and title. File the index as the first attachment to the parent document.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of April, 2022.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4