# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

OMNIA MEDICAL, LLC,

    Plaintiff,

v.

PAINTEQ, LLC, SEAN LANEVE, and CHARLES GIRSCH,

    Defendants.

Case No. 8:22-cv-00145-VMC-TGW

## DEFENDANTS' MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER

Defendants move to stay discovery in this action until after the Court resolves their pending motion to dismiss and for a protective order forbidding Plaintiff from serving nine non-party subpoenas. In support, Defendants state:

### BACKGROUND

This is the second of two lawsuits Plaintiff has filed in this Court based on the same issues. Defendants have moved to dismiss all of the non-patent claims in Plaintiff's Complaint under the claim splitting doctrine, as well on other substantive grounds. (Doc. 18.) The motion to dismiss is fully briefed. (Doc. 25, 32.)

On April 28, 2022, Plaintiff served "Omnia Medical LLC's Notice of Serving Subpoena Duces Tecum," a copy of which is attached as Exhibit A. This 102-page document proposes to serve voluminous non-party subpoenas on nine physicians

who have or continue to work with Defendant PainTEQ. The information sought in the subpoenas is based entirely on the claims that Defendants have moved to dismiss. Defendants responded to Omnia's Notice of Serving on May 11, 2022, objecting to the subpoenas because it is premature to engage in significant non-party discovery on the merits of claims that may soon be dismissed. (Exhibit B.) Immediately after Plaintiff was served with Defendants' Objection, Plaintiff stated that it would be serving the subpoenas regardless.

## MOTION TO STAY DISCOVERY

Federal Rule of Civil Procedure 26(c) authorizes stays of discovery upon a showing of good cause and reasonableness. *Yerk v. PETA*, No. 2:09-cv-537-FtM-29SPC, 2010 WL 1730754 (M.D. Fla. April 28, 2010) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). A request to stay discovery pending resolution of a motion to dismiss is appropriate where the pending motion is both meritorious and case dispositive. *Id.* at *1. Thus, in connection with ruling on a motion to stay discovery a court must take a "preliminary peek" at the merits of the pending motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652-653 (M.D. Fla. 1997)). If the pending motion passes this threshold evaluation, a court must then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* "This involves weighing the likely costs and burdens of proceeding with discovery." *Id.*

Defendants' motion to dismiss is dispositive of all of Plaintiff's non-patent claims under the claim splitting doctrine, as well as other substantive grounds. Dismissal is appropriate for claim splitting where there are two cases pending (i) against the same parties or their privies that (ii) arise out of the same nucleus of operative fact. *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 843 (11th Cir. 2017). Plaintiff's opposition argues against dismissal under this doctrine for several reasons but, notably, it does not argue that either of the two elements are not met. (Doc. 25 pp. 5-10.) Plaintiff's failure to rebut the substance of this argument certainly suggests that the motion has merit.[1]

Defendants have also moved to strike Plaintiff's claims for alleged violations of the Physicians Payments Sunshine Act ("PPSA") on the ground that the act does not contain a private right of action. (Doc. 18 pg. 24.) This argument is dispositive of Plaintiff's PPSA claims, and it clearly has merit because (again) Plaintiff does not assert in its response that the act (which exists to protect patients) contains a private right of action at all, let alone one that would support a claim between competitors. *Id.*; *see also Hardin v. Kentucky Utilities Co.*, 390 U.S. 1, 7 (1968) (explaining that plaintiffs claiming competitive injury do not have standing under certain statutes when the requirements plaintiffs sought to enforce were not enacted for the purpose of protecting against competitive

---

[1] Judge Honeywell's order transferring this case noted that "[t]he Court has reviewed the pleadings in both actions and has determined … that the claims are related and arise out of the same nucleus of facts." That finding is certainly not binding on this Court, but it further suggests that Defendants' claim splitting argument has merit.

injury). Much of the discovery Plaintiff has proposed appears to be based on its PPSA claim which, in light of the above, independently supports issuing a stay.

The final step in the analysis is weighing the harm that would be produced by a delay in discovery against the possibility that the motion will be granted. There will be no harm produced by delaying discovery because this case is in its infancy and the Court's Patent Scheduling Order (Doc. 29) does not yet contain a deadline for fact discovery. That deadline will not even be set until after the Court issues its claim construction order, likely in January 2023 at the earliest. There will be ample time for fact discovery to take place even with a short delay and, accordingly, no harm is possible.

Accordingly, Defendants request entry of an order staying discovery until after Defendants' motion to dismiss is resolved. Only then will the parties know which claims remain and, accordingly, what the permissible scope of discovery is. *Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (upholding the staying of discovery until ruling on the defendant's motion to dismiss); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) ("We also instructed that '[f]acial challenges to the legal sufficiency of a claim or defense … should … be resolved before discovery begins,' especially when the challenged claim will significantly expand the scope of allowable discovery") (internal citations omitted).

## MOTION FOR PROTECTIVE ORDER

In addition to the stay requested above, or in the alternative if the Court chooses not to grant it, Defendants request for the same reasons entry of a protective order under Rule 26(c) forbidding Plaintiff from serving the nine proposed non-party subpoenas. The pending motion to dismiss, if granted, will render unnecessary all of the proposed discovery and avoid the annoyance, burden, and expense on both the Defendants and the nine non-party physicians to whom the subpoenas are directed. *See Cotton,* 402 F.3d at 1292 (encouraging courts to resolve challenges to claims before discovery proceeds in earnest).

## **Rule 3.01(g) Certification**

Counsel for the Defendants conferred with Plaintiff's counsel prior to filing this motion, most recently by email on May 11, 2022. The parties do not agree on the resolution of any part of the motion.

Dated:     May 11, 2022

/s/  David L. Luikart
David L. Luikart III (FBN 21079)
Ryan J. Leuthauser (FBN 99517)
Thomas J. Banks (FBN 1017731)
HILL WARD HENDERSON, P.A.
101 East Kennedy Blvd., Ste. 3700
Tampa, Florida 33602
Tel: (813) 221-3900
Fax: (813) 221-2900
Dave.Luikart@hwhlaw.com
Ryan.Leuthauser@hwhlaw.com
Thomas.Banks@hwhlaw.com
Michelle.Armstrong@hwhlaw.com
Chelsea.Bonetti@hwhlaw.com
Julie.Mcdaniel@hwhlaw.com
Attorneys for Defendants